**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 15-cv-00354-REB
(Bankruptcy Case No. 09-34404 HRT (Chapter 7),
Adversary Proceeding No. 14-01215 HRT)

In re:

HEALTHTRIO, INC.,

    Debtor.

---

DAVID E. LEWIS, CHAPTER 7 TRUSTEE,

    Plaintiff,

v.

GLEN W. MERRICK,
G.W. MERRICK & ASSOCIATES, LLC,
ASMA GULL HASAN,

    Defendants.

---

**ORDER**

---

**Blackburn, J.**

    This matter is before me on **Asma Hasan's Motion for Withdraw** [sic] **of Reference** [#3],[1] filed February 20, 2015. The plaintiff, the Chapter 7 Trustee, filed a limited objection [#6] to the motion. Asma Hasan filed a reply [#5]. I grant the motion.

    The parties agree that the reference must be withdrawn to the extent this case involves claims on which any party is entitled to a trial by jury. Ms. Hasan contends the

---

[1] "[#3]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

reference to the bankruptcy court should be withdrawn for all purposes, including pretrial proceedings. The Chapter 7 Trustee contends the reference should not be withdrawn immediately. Rather, the trustee contends the bankruptcy court should handle pretrial proceedings. Previously, the Chapter 7 Trustee filed a motion to withdraw the reference in this case. The motion of the Chapter 7 Trustee was docketed in this court under Civil Action No. 15-cv-00455-REB-MEH and was granted.

As noted in my order in 15-cv-00455-REB-MEH, under 28 U.S.C. § 157(d), a district court may withdraw its reference of a case to the bankruptcy court for cause shown. This case concerns claims asserted by the Chapter 7 Trustee against defendants as to which both the Trustee and Ms. Hasan have demanded trial to a jury. The bankruptcy court may conduct a jury trial only when certain specific prerequisites have been satisfied. 28 U.S.C. § 157(e). Those prerequisites are not satisfied in this case.

However, in withdrawing the reference I am not precluded from referring pretrial matters to the bankruptcy court. *In re M & L Business Machine Co.,* 159 B.R. 932, 935 (D. Colo. 1993). I find and conclude that the bankruptcy court is in the best position to efficiently manage discovery and pretrial matters in this case.

**THEREFORE IT IS ORDERED** as follows:

1. That **Asma Hasan's Motion for Withdraw** [*sic*] **of Reference** [#3] filed February 20, 2015, is granted on the terms stated in this order;

2. That as to this case, the automatic referral entered under D.C.COLO.LCivR 84.1(d) is withdrawn, consistent with my previous order in 15-cv-00455-REB-MEH; and

3. That trial shall of this matter shall proceed on the schedule stated in the **Trial Preparation Conference Order** [#11] entered in Civil Action No. 15-cv-00455-REB-MEH.

Dated September 14, 2015, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge